STURGIS, Chief Judge.
This is an appeal from a declaratory final judgment holding (1) that a policy of motor vehicle liability insurance issued by appellant, State Farm Mutual Automobile Insurance Company, to the spouse of ap-pellee Michael Lee Hench, was in force on February 4, 1963, and (2) that appellee Hench is entitled to the benefits accruing thereunder in consequence of an automo-, bile accident which occurred on that date involving a 1949 Ford automobile operated by him and a certain other motor vehicle operated by Annie Marie Gillis and owned by her husband, Adolph Gillis, who had informed appellee Hench of their intention to sue him for damages allegedly sustained by his negligence in the premises.
Appellee brought this suit for a declaratory judgment against the appellant-insurer for the purpose of having the trial court adjudicate (a) whether the insurance policy was in force on said date, (b) whether ap-pellee was entitled to the benefits accruing thereunder in consequence of said accident, and (c) asked the court to award an attorney’s fee to be paid by appellant for the services of appellee’s attorney in and about the suit. The Gillises were also named parties defendant to said suit, but have made no appearance on this appeal.
The complaint alleged, in substance:
1. That appellant issued the subject policy to appellee’s wife and that plaintiff-appellee was an “insured” thereunder.
*12 2. That the policy provided:
“When certified as proof of future financial responsibility under any motor vehicle financial responsibility law and while such proof is required during the policy period, this policy shall comply with such law if applicable, to the extent of the coverage and limits required thereby; but not in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to malee under the terms of this policy except for the agreement contained in this paragraph.”
3. That the Financial Responsibility Law of this state (Section 324.151, Florida Statutes, F.S.A.) provides in part:
“A motor vehicle liability policy to be proof of financial responsibility under § 324.031(1), shall be issued to owners or operators under the following provisions :
“(1) * * *
“(2) An operator’s motor vehicle liability policy of insurance shall insure the person named therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him, with the same territorial limits and subject to the same limits of liability as referred to above with respect to an owner’s policy of liability insurance.”
4. That on February 4, 1963, the ap-pellee, while operating a 1949 4-door Ford titled in the name of Marjorie Hench (his mother), became involved in an automobile collision with an automobile of the Gillis defendants who are asserting a claim for damages against appellee in the premises.
5. That the appellant denied coverage to the appellee under said policy and claims that it is not obligated to defend any action brought by the Gillises against ap-pellee in the premises or to effect any settlement prior to such litigation or pay any judgment that may be recovered against appellee in the premises.
Appellant’s answer admitted that it denied coverage to appellee and affirmatively alleged, in substance: (1) That the policy specifically provides that Insuring Agreement II, relating to non-owned automobiles, shall not apply:
“(1) to a non-owned automobile (a) registered in the name of the named insured or a relative, (b) hired by or furnished to the named insured or a relative for regular use, * * * (Emphasis supplied.)
and (2) that the automobile operated by appellee was titled in the name of his mother and furnished to appellee, a named insured, for regular use and was so used by him.
The Gillises filed an answer admitting the alleged accident and ownership of the 1949 Ford by appellee’s mother; and also filed a counterclaim against appellee and his mother for damages alleged to result from the negligent operation thereof by appellee. They are not involved by the issues on this appeal.
Appellant took discovery depositions of appellee and his mother. Thereafter appellant and appellee filed motions for summary judgment. Appellee implemented his motion by the hereinafter discussed affidavits. An order was entered granting ap-pellee’s motion and consequent thereon the court entered the declaratory judgment appealed." .
In support of the motion for summary judgment appellee filed an affidavit verifying in substance the allegations of his complaint; and also filed the affidavit of a practicing attorney to the effect that the sum of $750.00 (the amount allowed by the judgment appealed) was a reasonable fee to be paid for the services of appellee’s attorney in the trial court.
*13 In passing on a motion for a summary judgment the pleadings and proofs and all reasonable inferences that may be drawn therefrom are to be liberally construed in favor of the party resisting the motion. On that premise, the record shows that the 1949 Ford automobile involved in the subj ect accident was not described in the insurance policy issued to appellee’s wife, was not owned by appellee or his wife, and was not independently covered with automobile liability insurance; that the 1956' Ford automobile described in the policy was registered in the name of appellee’s wife and , 'was not involved in the accident; that the legal title to the 1949 Ford was in -the name of appellee’s mother, but the equitable title belonged to appellee’s brother, Patrick, a member of the armed forces, who purchased it in November 1962 and left it in the custody of his mother when he was absent in military service; that appellee and his wife . assisted Patrick Hench in financing the purchase of the 1949 Ford; that Patrick Hench informed appellee and his wife that-they could use the same at any time they wished and the custodian, Mrs. Marjorie Hench, who did not drive, permitted them to do so. It was available for appellee’s use and he did use it occasionally from November 19, 1962, to the time of the accident in February 1963 in going to and from work and when taking a brother to a doctor for treatment. During that period his wife drove her 19S6 Ford to work and he used the 1949 Ford when his working schedule was not the same as his wife’s.
Appellant contends that the pleadings and proofs herein show the existence of a genuine issue of material fact upon the question of whether the 1949 Ford automobile was furnished to appellee for his regtdar use; that if thus furnished and used, the accident here involved is excluded from coverage under the terms of the subject insurance policy; and that its liability under the “owner’s” policy herein depends upon the answer to the question of whether under such circumstances it was improper to enter the summary judgment appealed.
As heretofore observed, the protection afforded by the policy extends to the “destruction of property of others, caused by accident arising out of the ownership, maintenance or use, including loading or unloading of the owned automobile.” (Emphasis supplied.) “Owned automobile” is defined as the private passenger automobile described in the policy (1956 Ford) and as including “a temporary substitute automobile.” The term “named insured” is defined to include the spouse of the named insured, if a resident of the same household. The coverage afforded thereunder does not extend to the operation of an automobile furnished the insured “for regular use.”
The parties to this appeal did not consent to submit the cause for final disposition on the pleadings and proofs before the trial court on the motions for summary judgment, and the judgment appealed does not purport to find that the 1949 Ford was not furnished to appellee for regular use. Indeed, for aught that appears to the contrary, either or both of said parties may have additional evidence to present on the question of fact as to the nature of the use of the 1949 Ford enjoyed by appellee Hench. Since there exists a controverted question of fact in that particular, on which appellant’s liability depends, it was error to enter the summary judgment for appellee. We deem it appropriate to add, however, that our said holding is not to be construed as a determination that the facts before the trial court on the motion for summary judgment would be insufficient on final hearing to support a finding that the use of said 1949 Ford as enjoyed by appellee was not regular in nature within the meaning of the policy provisions. The term “regular use” as employed therein necessarily comprehends many factual attributes which it is the prerogative of the trial court on final hearing to consider and resolve in the light of all the pleadings and proofs.
*14 The judgment appealed is reversed and the cause remanded for further proceedings consistent herewith.
CARROLL, DONALD K., and RAWLS, JJ., concur.